UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN PAULEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　　Defendants. | No. 2:18-cv-2595 KJN P<br><br><br>ORDER |

Introduction

　　　　Plaintiff is a former county jail inmate, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

　　　　Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

　　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly

payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

On October 9, 2018, plaintiff filed an amended complaint as of right. Fed. R. Civ. P. 15. Plaintiff's amended complaint is now before the court.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations

sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Allegations

Plaintiff claims that defendants violated the Americans with Disabilities Act ("ADA") and the Eighth Amendment based on conditions of confinement at the Rio Cosumnes Correctional Center. Plaintiff claims he was injured when he fell on a puddle of water in the toilet area that had no railings, grab bars or floor mats. Plaintiff names three defendants: the State of California, the County of Sacramento, and Rio Cosumnes Correctional Center. Plaintiff seeks money damages, including punitive damages.

Discussion

ADA Claim

The court finds that plaintiff's amended complaint fails to state a cognizable claim for relief under the ADA. Title II of the ADA provides that:

> no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity.

Id. To state a claim under the ADA, a plaintiff must allege that: (1) he or she is a qualified individual with a disability; (2) he or she was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities, and (3) such exclusion or discrimination was by reason of his or her disability. See O'Guinn v. Lovelock Correctional Center, 502 F.3d 1056, 1060 (9th Cir. 2007); Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).

To recover monetary damages under Title II of the ADA, a plaintiff must prove intentional discrimination on the part of the defendant under a deliberate indifference standard. Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001). "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." Id. at 1139. An entity's failure to act "must be a result of conduct that is more than negligent, and involves an element of deliberateness." Id.

In his amended complaint, plaintiff has not alleged that he is a qualified individual with a disability, or that defendants discriminated against him or treated him differently because of a disability. See Duvall, 260 F.3d at 1138 (Title II of the ADA requires intentional discrimination); Rucker v. Trent, 2012 WL 4677741 at *4 (N.D. Cal. Sept. 30, 2012) ("the ADA prohibits discrimination because of a disability, not inadequate treatment for a disability"); Brown v. Castillo, 2007 WL 3054165 at *16 (E.D. Cal. Oct. 19, 2007) ("plaintiff has a disability within the meaning of the ADA and the RA, however, plaintiff has not alleged that he was excluded from or denied a prison program based on his disability."). In any second amended complaint plaintiff elects to file, he will need to include factual allegations to support each element of an ADA claim.

In addition, the proper defendant for a claim under Title II of the ADA is the public entity responsible for the alleged discrimination. See Everson v. Leis, 556 F.3d 484, 501 & n.7 (6th Cir. 2009) (collecting cases). But cf. Eason v. Clark County School Dist., 303 F.3d 1137, 1145 (9th Cir. 2002) (declining to decide the issue). Title II of the ADA does not provide for suit against a public official acting in his individual capacity. Everson, 556 F.3d at 501. A plaintiff also cannot assert a claim under § 1983 against defendants in their individual capacities to vindicate rights created by the ADA. See Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002).

Finally, punitive damages may not be awarded in suits brought under Title II of the ADA. Barnes v. Gorman, 536 U.S. 181, 189 (2002). Therefore, plaintiff may not proceed against defendants for punitive damages based on violation of the ADA, and should not renew such request in any amended pleading.

////

////

4

Conditions of Confinement Claim – Eighth Amendment

First, plaintiff cannot state an Eighth Amendment claim against the State of California. The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). In the instant case, the State of California has not consented to suit. Accordingly, plaintiff's Eighth Amendment claims against the State of California are frivolous and must be dismissed. Similarly, plaintiff cannot state a cognizable claim against the State of California based on his ADA claim because the state does not operate the Rio Cosumnes Correctional Center. Rather, such facility is operated by the County of Sacramento. For both these reasons, plaintiff should not include the State of California as a defendant in any amended pleading.

Second, plaintiff cannot state a cognizable § 1983 or Eighth Amendment claim based solely on a defendant's supervisorial role. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Here, there can be no respondeat superior liability under section

5

1983, i.e. no liability under the theory that one is liable simply because he employs a person who has violated a plaintiff's rights. See Monell, 436 U.S. at 691.

Although supervisory government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior, Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009), they may be individually liable under Section 1983 if there exists "either (1) [the supervisor's] personal involvement in the constitutional deprivation; or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989). The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury. Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011); Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991). A plaintiff must also show that the supervisor had the requisite state of mind to establish liability, which turns on the requirement of the particular claim -- and, more specifically, on the state of mind required by the particular claim -- not on a generally applicable concept of supervisory liability. Oregon State University Student Alliance v. Ray, 699 F.3d 1053, 1071 (9th Cir. 2012).

Plaintiff's amended complaint fails to allege sufficient facts demonstrating a link or causal connection between the named defendants and plaintiff's slip and fall on a puddle of water in the toilet area.

Third, it is unclear plaintiff can state a cognizable Eighth Amendment deliberate indifference to safety claim based on his slip and fall. Plaintiff is provided the following standards to assist him in determining whether he can amend to state a cognizable conditions of confinement claim against appropriate individuals.

"Not every deviation from ideally safe conditions amounts to a constitutional violation." Hoptowit v. Spellman, 753 F.2d 779, 784 (9th Cir. 1985). A prisoner may state a section 1983 claim under the Eighth Amendment against prison officials where the officials acted with "deliberate indifference" to the threat of serious harm. Leach v. Drew, 385 F. App'x 699-701

(9th Cir. 2010) (citing Berg v. Kincheloe, 794 F.2d 457, 459, 460-61 (9th Cir. 1986); Robins v. Prunty, 249 F.3d 862, 866 (9th Cir. 2001)). To assert an Eighth Amendment claim based on conditions of confinement, a prisoner must satisfy two requirements: one objective and one subjective. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). Under the objective requirement, "the prison official's acts or omissions must deprive an inmate of the minimal civilized measure of life's necessities." Id.; see also Matthews v. Holland, 2016 WL 3167568, at *2 (E.D. Cal. June 6, 2016). Under the subjective requirement, the prisoner must allege facts which demonstrate that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. To prove knowledge of the risk, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Id. at 842.

### Objective Prong

"Generally, courts have conclude[d] that plaintiffs have failed to state claims when they have fallen in prison." Ramage v. United States, 2014 WL 4702288, at *5 (D. Ariz. Sept. 22, 2014). In LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993), the prisoner argued that wearing handcuff and shackle restraints while in the shower violated the Eighth Amendment. Id. The Ninth Circuit concluded that "[e]ven if the floors of the shower are slippery and [the prisoner] might fall while showering, 'slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment.'" Id., quoting Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir. 1989), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). A number of courts have concluded that poorly maintained surfaces, wet floors, or leaky roofs do not pose a substantial risk of serious harm supporting a constitutional violation and are merely negligence claims.[1] Courts have reached this conclusion, even where the

---

[1] See Hall v. Frauenheim, 2016 WL 2898712, at *1-*5 & n.1 (E.D. Cal. May 18, 2016) (dismissing with leave to amend plaintiff's claim that defendant knew about the leaky roof for years and the wet floor from the roof caused plaintiff to fall and recognizing that "Warden acknowledged that leaky roofs are an issue, but stated that everything that could be done by the institution had been done. The matter was forwarded to Sacramento, and funding was an issue."); see also Seymore v. Dep't of Corr Servs., 2014 WL 641428, *4 (S.D. N.Y. Feb. 18, 2014) (on

hazard has existed, and been known to prison officials, for years and where the prisoner was required to use the dangerous location, such as a bathroom. See Hall, 2016 WL 2898712 at *1-*5 and n.1; see also Seymore, 2014 WL 641428 at *4; Shannon, 2016 WL 1559583 at *1; and Sylla, 2005 WL 3336460 at *1-*4.

While a standing-water problem can pose a "potentially hazardous condition, slippery floors constitute a daily risk faced by members of the public at large." Reynolds v. Powell, 370 F.3d 1028, 1031 (10th Cir. 2004). "Simply put, '[a] "slip and fall," without more, does not amount to cruel and unusual punishment . . . . Remedy for this type of injury, if any, must be sought in state court under traditional tort law principles.'" Id., citing Mitchell v. State of W. Va., 554 F.Supp. 1215, 1217 (N.D. W. Va. Jan. 24, 1983); see also Snyder v. Blankenship, 473 F.Supp. 1208, 1212-13 (W.D. Va. July 16, 1979) (noting that a prisoner's "slip and fall incident . . . could just have easily occurred in any other state-owned facility," and that the "incident makes out nothing more than a common law tort"). On the other hand, the Ninth Circuit Court of Appeals has held that "[s]lippery floors without protective measures could create a sufficient danger to warrant relief" where the plaintiff has some known exacerbating condition. Frost v. Agnos, 152 F.3d 1124, 1129 (9th Cir. 1998) (denying summary judgment motion with respect to inmate's claim that prison officials failed to take reasonable measures to guarantee his safety where inmate had a broken leg that was repeatedly reinjured when he slipped and fell in the slippery shower that was not handicap-accessible). While the Ninth Circuit has not provided

---

motion to dismiss, court found that pre-trial detainee who alleged exposure to unsafe living conditions where bathroom had improper tile flooring with potholes, cracks and leaks that caused him to slip and fall, failed to meet the standard for an Eighth Amendment violation as allegations were ordinary torts that did not rise to the level of constitutional violation and failed to satisfy the objective prong of the deliberate indifference inquiry); Shannon v. Vannoy, 2016 WL 1559583, *1 (M.D. La. Apr. 18, 2016) (granting defendants' motion to dismiss where inmate alleged defendants were deliberately indifferent to a known safety risk where they knew of but failed to repair a hole in inmate's cell ceiling that leaked water every time it rained and found inmate's claim was nothing more than a negligence claim, not cognizable under 42 U.S.C. § 1983); and Sylla v. City of N.Y., 2005 WL 3336460, *1-4 (E.D. N.Y. Dec. 8, 2005) (dismissing inmate's deliberate indifference claim where correctional officer ordered inmate to use a bathroom that officer knew was flooded and inmate slipped and fell, injuring his spine, neck, back, and cervical collar because inmate "alleged nothing more than a slip-and-fall accident on a wet bathroom floor" which does not meet the objective or subjective prongs of an Eighth Amendment claim).

further guidance on such additional requirement, a district court has concluded that "the risk of harm turns into a substantial risk of serious harm somewhere between a bare claim of a slippery floor and a claim of a hazard plus some known exacerbating condition." Washington v. Sandoval, 2012 WL 987291, at * 8 (N.D. Cal. Aug. 6, 2012) (comparing Jackson to Frost). In Washington, the district court found that the law was not clearly established that a reasonable prison official could have believed that the failure to respond to a toilet leak for almost three weeks was a sufficiently serious deprivation, and found the defendants were entitled to qualified immunity on such claim.[2] Id. at *9.

---

[2] The court cited the following cases as examples: Estate of Ford v. Ramirez-Palmer, 301 F.3d 1043, 1050-51 (9th Cir. 2002); Compare Johnson v. Martinez, 2003 WL 21437585 (9th Cir. June 17, 2003) (vacating grant of qualified immunity when prisoner, who walked with cane, requested reasonable accommodation in shower after he had already slipped and fallen twice, and prison officials did nothing before prisoner fell and injured himself a third time); Frost, 152 F.3d at 1129 (finding that slippery floor plus exacerbating factors that prisoner repeatedly injured himself, and was forced to use crutches, was sufficient to establish serious condition); Hoptowit, 753 F.2d at 784 (concluding that existing hazards plus exacerbating hazard of bad lighting was sufficient to establish serious threat to the safety of inmates); Anderson v. Towne, 2010 WL 455387 (E.D. Cal. Jan. 29, 2010) (wheelchair-bound prisoner who discovered sharp, broken tiles at entrance to the shower, complained and continually made requests to have it repaired for over a year, had medical reports stating that his hands were weak and he could not move around to sit or stand without his wheelchair, survived motion for summary judgment) with McLaughlin v. Farries, 2004 WL 2030365 (5th Cir. Sept. 13, 2004) (per curiam) (concluding that prisoner's slip and fall on accumulated water from leaky air conditioning unit, which the defendants knew about and failed to clean up was an appropriate action for negligence, but not deliberate indifference); Reynolds, 370 F.3d at 1031 (concluding that although prisoner complained for two months about accumulated water in the shower, and finally sustained injuries from the slippery floor, "while the standing-water problem was a potentially hazardous condition, slippery floors constitute a daily risk faced by members of the public at large" and is not a sufficiently serious risk of constitutional dimension); Brown v. Basher, 2012 WL 639446 (E.D. Cal. Feb. 27, 2012) (granting defendants' motion for summary judgment against a mobility impaired prisoner who ambulated with a cane and slipped and fell on puddle, created by a water leak, concluding that even though defendants knew about the puddle, the claim was one of negligence rather than deliberate indifference); Gilman v. Woodford, 2006 WL 1049739 (E.D. Cal. April 20, 2006) (granting qualified immunity to defendants when prisoner slipped and fell in puddle of water resulting from leaking ceiling, of which defendants knew); Edwards v. City of New York, 2009 WL 2596595 (S.D. N.Y. Aug. 24, 2009) (courts have held that allegations of wet conditions leading to a slip-and-fall will not support a Section 1983 claim even where . . . the plaintiff [ ] alleges that the individual defendants had notice of the wet condition but failed to address it."); Vines v. Hepp, 2007 WL 3342583 (E.D. Wis. Nov. 8, 2007) (finding accumulated puddles of water in shower not objectively serious condition sufficient to implicate Eighth Amendment); Jennings v. Horn, 2007 WL 2265574 (S.D. N.Y. Aug. 7, 2007) (finding five months of water accumulation in detainee's cell did not

Subjective Prong

As discussed above, plaintiff cannot demonstrate liability solely based on an individual's supervisorial role. To state a claim for a constitutional violation under Section 1983, a plaintiff "must plead facts sufficient to show that [his] claim has substantive plausibility." Johnson v. City of Shelby, 135 S. Ct. 346, 347 (2014) (citing Bell Atlantic Corp., 550 U.S. at 544; Iqbal, 556 U.S. at 662). Government officials are not liable under § 1983 for their subordinates' unconstitutional conduct based on respondeat superior or another theory of vicarious liability, and plaintiff is required to plead that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." See Iqbal, 556 U.S. at 676; see also Monell, 436 U.S. at 691 (finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983). "A supervisory official, such as a warden, may be liable under Section 1983 only if he was personally involved in the constitutional deprivation, or if there was a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." See Henry v. Sanchez, 923 F. Supp. 1266, 1272 (C.D. Cal. 1996).

Leave to Amend

For all the above reasons, plaintiff's amended complaint must be dismissed. The court will, however, grant leave to file a second amended complaint.

If plaintiff chooses to amend, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the pleading must allege in specific terms how each named defendant is involved. Rizzo, 423 U.S. at 371. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed

---

objectively violate contemporary standards of decency and noting that "slippery prison floors, at best, pose a claim of negligence, which is not actionable under the United States Constitution."); Santiago v. Guarini, 2004 WL 2137822 (E.D. Pa. 2004) (holding toilet and sink leak in cell, causing slip and fall, did not present substantial risk to inmate's safety, and was not objectively serious conditions); Tunstall v. Rowe, 478 F.Supp. 87, 89 (N.D. Ill. 1979) (finding greasy staircase that caused prisoner to slip and fall not sufficient to violate the Eighth Amendment, Snyder v. Blankenship, 473 F.Supp. 1208, 1212 (W.D. Va. 1979) (failure to repair leaking dishwasher which resulted in a pool of soapy water in which prisoner slipped did not violate Eighth Amendment). Washington, 2012 WL 987291, at *8.

deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d at 743.  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: November 13, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/paul2595.14n

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN PAULEY,<br><br>        Plaintiff,<br><br>   v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>        Defendants. | No. 2:18-cv-2595 KJN P<br><br><br><br>NOTICE OF AMENDMENT |

     Plaintiff hereby submits the following document in compliance with the court's order filed_____.

_____  Amended Complaint

DATED:

                                          _____
                                          Plaintiff